**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JEREMY JOSEPH DAVIS,                   :
                                       :
             Plaintiff,                :   Civil No. 07-2135 (FSH)
                                       :
      v.                               :
                                       :        **O P I N I O N**
TWO UNKNOWN NAMED AGENTS OF            :
FEDERAL BUREAU OF                      :
INVESTIGATION, et al.,                 :
                                       :
             Defendants.               :
_____ :

**APPEARANCES:**

    JEREMY JOSEPH DAVIS, Plaintiff, pro se
    #GP 5891
    SCI Huntingdon
    1100 Pike Street
    Huntingdon, Pennsylvania 16654

**HOCHBERG**, District Judge

    Plaintiff, Jeremy Joseph Davis, currently confined at the State Correctional Institution in Huntingdon, Pennsylvania, brings the instant motion for appointment of counsel with respect to his pending civil action. Having considered Plaintiff's application for appointment of pro bono counsel, and without need for oral argument, pursuant to Fed.R.Civ.P. 78, the Court will deny, without prejudice, the request for appointment of counsel for the reasons set forth below.

BACKGROUND

Plaintiff, Jeremy Joseph Davis, complains that, on or about June 1, 2005, he was arrested and unnecessarily assaulted by defendant police officers at plaintiff's Irvington, New Jersey residence. Plaintiff claims that the officers arrived at 5:30 a.m., never identified themselves, gained entry into plaintiff's apartment, and assaulted plaintiff from behind. Plaintiff further alleges that he did not attempt to resist or combat the officers during the arrest. He also claims that some of the unknown named officers and agents present at the arrest failed to intervene or stop the assault while it was occurring. Plaintiff was physically hurt, claiming contusions and bleeding that required hospital care. He seeks monetary damages.

Plaintiff names the following defendants in his Complaint: two unknown FBI agents; one unknown U.S. Marshal agent, Christie Beers of the Allentown Police Department in Allentown, PA; and two unknown police officers of the Allentown Police Department. As to defendant Christie Beers, Plaintiff alleges that defendant failed to supervise the arresting officers despite knowledge that these officers were prone to violent conduct.

DISCUSSION

Indigent persons raising civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126

F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> > (1) the plaintiff's ability to present his or her own case;
> > (2) the complexity of the legal issues;
> > (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> > (4) the amount a case is likely to turn on credibility determinations;
> > (5) whether the case will require the testimony of expert witnesses;
> > (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).] This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. Id. at 157.

Parham, 126 F.3d at 457-58.

Applying these factors to this case, the Court is not inclined to allow appointment of counsel at this time. While the Complaint has been allowed to proceed at this screening stage under 28 U.S.C. § 1915(e)(2), there is no indication that his claims of excessive force, failure to intervene, and failure to supervise involve complex issues of law or fact. To the extent

Plaintiff asserts that counsel may be needed to determine the identity of the officers involved, this undertaking may likely be accomplished through initial discovery of the relevant police or arrest reports. Such discovery is not necessarily constrained by Plaintiff's incarceration. Thus, there is no apparent impediment to Plaintiff in conducting discovery in preparation of his case for trial.

Plaintiff also appears to be articulate and demonstrates an understanding of the legal issues and ability to prepare documents and present his case coherently. Finally, expert testimony is not essential to plaintiff's ability to present his case, and it is not apparent at this time that the case will necessarily rest on credibility determinations that would necessitate appointment of counsel.[1] Thus, the only factor weighing in favor of appointment of counsel is plaintiff's indigency. Given the balance of factors against appointment of counsel at this time, the Court will deny plaintiff's application for appointment of counsel without prejudice to him renewing such application at a later time if the circumstance in this case so warrant.

---

[1] The Court recognizes that the issue of defendant Beers' failure to supervise might involve more complex discovery, depositions, and possibly expert opinion, if such claim is developed through initial discovery. However, at this early stage, counsel is not required for this limited purpose.

CONCLUSION

For the reasons stated above, the Court denies without prejudice Plaintiff's application for appointment of counsel pursuant to Fed.R.Civ.P. 78.  An appropriate Order accompanies this Opinion.

                                              /s/ Faith S. Hochberg
                                          United States District Judge
DATED: May 16, 2007