# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JEREMY JOSEPH DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 07-2135 (FSH)** |
| | : | |
| **v.** | : | |
| | : | **OPINION AND ORDER** |
| **TWO UNKNOWN NAMED AGENTS OF THE** | : | |
| **FEDERAL BUREAU OF INVESTIGATION,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

This matter having come before the Court by way of plaintiff's third motion for the appointment of pro bono counsel, filed on October 2, 2007, Docket Entry No. 17; [1]

and, on May 7, 2007, the plaintiff having filed an initial motion for the appointment of pro bono counsel, Pl. First Mot. Pro Bono Counsel [Docket Entry No. 2]; [2]

and, on July 10, 2007, the plaintiff having filed a second motion for the appointment of pro bono counsel, Docket Entry No. 11, and a submitted a letter dated July 18, 2007, regarding (1) his request for appointment of counsel; and (2) motion for the production of documents and

---

[1] The plaintiff seeks counsel to represent him in connection with his Complaint filed on May 16, 2007. In his Complaint, the plaintiff asserts that the defendants violated his civil rights by arresting and assaulting him. See Compl. at ¶ 6 [Docket Entry No. 1].

[2] In his first application, the plaintiff argued that his is entitled to appointed counsel because: (1) he cannot afford counsel; (2) his incarceration limits his ability to litigate his case; (3) he has limited knowledge of the law and limited access to the law library; (4) the case involves complex; (5) trial will likely involve conflicting testimony; and (6) he has attempted to obtain an attorney on his own. See Docket Entry No. 2.

default, Docket Entry No. 12; [3]

and the Honorable Faith S. Hochberg having denied the plaintiff's first motion for the appointment of pro bono counsel without prejudice because she found that: (1) the plaintiff's claims did not involve complex issues of law or fact; (2) the plaintiff's incarceration does not impede his ability to conduct discovery in preparation for trial; (3) the plaintiff is articulate and able to prepare and present his case coherently; (4) expert testimony is not essential to the presentation of plaintiff's case; (5) it is not apparent the plaintiff's case will rest on credibility determinations; and (6) the only fact weighing in favor of appoint the plaintiff counsel is his indigence, Opinion, May 16, 2007 at 3-4 [Docket Entry No. 3];

and the Court having considered the plaintiff's instant application; [4]

---

[3]Plaintiff's second application was "practically identical to his first application and contained the same arguments."  See Order, August 2, 2007, Docket Entry No. 13 at 2 n.3; see also, Pl. Second Mot. Pro Bono Counsel, Docket Entry No. 11.  The only additional arguments in support of his request for appointment of counsel was that he has no access to the prison library and that the prison library is out of date.  See Docket Entry No. 13 at 2 n.3; see also Docket Entry No. 11.

[4]The plaintiff's instant application is practically identical to his two prior applications and contains the same arguments.  See Docket Entry No. 11; Docket Entry No. 13.  The additional or modified arguments in support of his request for appointed counsel are: (1) that the prison library does not have out of state materials and plaintiff's request to the Clerk of Court in Newark, New Jersey for the local procedural rules and other legal materials have gone ignored, despite the fact that the Clerk has apparently been informed that plaintiff is without legal materials from his previous place of detention in Pennsylvania, see Pl. Third Mot. Pro Bono Counsel [Docket Entry No. 17], (2) that plaintiff is "totally unable to pursue any investigation" due to his incarceration in South Carolina, see Docket Entry No. 17, whereas he claimed in his previous request for pro bono counsel to have only "greatly limit[ed]" ability to litigate, see Docket Entry No. 11, (3) he needs to obtain depositions of witnesses in New Jersey; (4) that expert testimony "will be needed to determine the extent of the physical and mental damage" he suffered from the alleged assault, see Docket Entry No. 17, whereas plaintiff previously claimed that his case "may require expert testimony," see Affidavit in Support of Pl. Motion for Appointment of Council [Docket Entry No. 11-2]; and (5) that his case is complex because the identities of the alleged wrongdoers is not know because they either withheld their names or plaintiff cannot identify them because they

and the Court noting that it has broad discretion under 28 U.S.C. § 1915 to appoint pro

bono counsel to represent indigent litigants; see Parham v. Johnson 126 F.3d 454, 456-57 (3d

Cir. 1997);

and it appearing that a court may grant a properly filed application for the appointment of

pro bono counsel if the plaintiff's claims have some "merit in fact and law," Montgomery v.

Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) and upon consideration of the following non-

exhaustive list of factors:

1.  the plaintiff's ability to present his own case;
2.  the difficulty of the particular legal issues;
3.  the degree to which factual investigation will be necessary and the ability of
    the plaintiff to pursue investigation;
4.  the plaintiff's capacity to retain counsel on his own behalf;
5.  the extent to which a case is likely to turn on credibility determinations; and
6.  whether the case will require testimony from expert witnesses,

id.; Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) (also known as the Tabron factors);

and the Court assuming for the purposes of this application that plaintiff's claims are

meritorious;

and the Court having considered the instant application, the Tabron factors, the Opinions

dated May 16, 2007 and August 2, 2007, and finding that pro bono counsel is not warranted;[5]

---

struck him from behind; and

[5]Many of the arguments plaintiff now presents are similar to those already raised and considered. Although plaintiff has used stronger language in his present application, he has presented no new circumstances that support his request for the appointment of pro bono counsel.

First, the plaintiff's contends that his request to the Clerk of Court in Newark, New Jersey for the local procedural rules and other legal materials have gone ignored and he contends this warrants appointing counsel. See Docket Entry No. 17. This contention is identical to the assertion made in plaintiff's first application for pro bono counsel, see Docket Entry No. 11, that he had "no access to state laws or procedures." Because this matter was considered by Judge

and for the reasons set forth in the those Opinions and Orders, and as set forth herein;

and the Court having resolved the plaintiff's motion for the production of documents,

<u>see</u> Order dated June 8, 2007 [Docket Entry No. 7];

---

Hochberg in her May 16, 2007 Opinion, there is no reason to revisit this issue.  Moreover, he has brought a federal civil rights claim and thus he has no need for state law material.  To assist the plaintiff, however, the Court will direct the Clerk to provide the plaintiff with a copy of the Procedural Guide for Pro Se Litigants.

Second, as to plaintiff's assertion that he is "totally unable to pursue any investigation" due to his incarceration in South Carolina, <u>see</u> Docket Entry No. 17, Judge Hochberg addressed this issue in her May 16, 2007 Opinion, stating that "discovery is not necessarily constrained by Plaintiff's incarceration." <u>See</u> Docket Entry No. 3 at 4.  Although Judge Hochberg was, at the time, addressing plaintiff's claim that he had "greatly limit[ed]" ability to litigate, <u>see</u> Docket Entry No. 11, plaintiff, in his most recent application, has not indicated any change to either his personal circumstances or the nature of the litigation that would render him unable to pursue any investigation.  His location outside of New Jersey has no impact on his ability to serve and respond to discovery and he has all of the tools available under the Federal Rules of Civil Procedure to investigate his case.  Accordingly, there is no reason to revisit this issue.

Third, his custodial status will not preclude him from conducting depositions.  He may invoke the protocol for conducting depositions written questions set forth in Fed. R. Civ. P. 31.  Thus, his desire to conduct depositions of witnesses in New Jersey is not an adequate basis to appoint counsel.

Fourth, as to his claim that expert testimony "will be needed to determine the extent of the physical and mental damage" suffered from the alleged assault, <u>see</u> Docket Entry No. 17, Judge Hochberg stated in her May 16, 2007 Opinion that "expert testimony is not essential to plaintiff's ability to present his case." <u>See</u> Docket Entry No. 3 at 4.  Because this matter was already considered by Judge Hochberg in her May 16, 2007 Opinion and plaintiff has not presented any new circumstances, there is no reason to revisit this issue.

Fifth, the issue of case complexity has been addressed and nothing has changed.  Moreover, the issue presented by his present lack of knowledge of the identify of certain individuals he claims participated in the events at issue can be cured by serving discovery demands under the terms of the Scheduling Order that will be issued once a party is served with the Complaint and files a responsive pleading.

Accordingly, there is nothing before the Court that warrants revisiting the findings in the May 16, 2007 and August 2, 2007 Opinions.

and the Court finding that the plaintiff's request for default is premature as there is no proof that the defendants have been served with the Complaint and hence they cannot be held in default;

IT IS on this 5th day of November, 2007

**ORDERED** that the plaintiff's application for appointment of <u>pro</u> <u>bono</u> counsel [Docket Entry No. 17] is denied;

**IT IS FURTHER ORDERED** that the plaintiff's request that the Clerk enter default against any defendant is denied; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send the plaintiff a copy of the Procedural Guide for Pro Se Litigants.

_____     s/ Patty Shwartz
                                     United States Magistrate Judge