UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMY JOSEPH DAVIS, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 07-2135 (FSH) |
| v. | : |
| | : |
| TWO UNKNOWN NAMED AGENTS | : |
| OF THE FEDERAL BUREAU OF | : OPINION & ORDER |
| INVESTIGATION, | : |
| et al., | : |
| | : |
| Defendants. | : |

This matter having come before the Court by way of motion of the plaintiff for leave to file a Second Amended Complaint[1] to add the City of Allentown, Pa., and "possibly" the United

---

[1] On May 7, 2007, John Jeremy Davis (hereinafter "plaintiff"), a prisoner currently incarcerated in South Carolina, filed his initial Complaint against two unnamed agents of the Federal Bureau of Investigation, one unnamed agent of the United States Marshals, Christie Beers-Correa, and two unnamed officers of the Allentown Police Department. Docket Entry No. 41. On January 15, 2008, Christie Beers-Correa filed her Answer to the Complaint, and a Scheduling Order was issued on April 21, 2008. Docket Entry No. 22. In the Order, the Court set various deadlines, including the deadline to complete discovery by September 5, 2008, and the deadline of July 11, 2008, to add parties and/or amend pleadings. See Order dated April 21, 2008.

On July 1, 2008, the plaintiff filed an amended Complaint that named Stephen E. Egbert, William J. Edge, Jr., and Mark Allan Corrice (herein collectively referred to as the "FBI defendants") as the previously unnamed FBI agents, Patrick Corcoran as the previously unnamed agent of the United States Marshals, and removed the two unnamed officers of the Allentown Police Department from the Complaint. See Docket Entry No. 41, Ex. A. In the Amended Complaint dated July 1, 2008, plaintiff alleges that on or about June 1, 2005, defendants forced their way into the house plaintiff was occupying, seeking to arrest him. Docket Entry 41, Ex. A ¶¶ 9-10, 13. He alleges that he was attacked from behind by one of the defendants while he was being arrested, causing injuries, and that defendants did not adequately protect him from the attack. Id. at ¶¶ 7-8, 13-14. Plaintiff also alleges he was subjected to "racial remarks" and was not afforded medical treatment for four hours. Id. at ¶¶ 11, 15. The plaintiff asserts that these events constituted cruel and unusual punishment, and violated his rights of privacy and due

States of America as defendants, and to add claims under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2680(h) against the "Federal defendants" and "possibly" the United States, as well as "New Jersey State Tort Claim[s]" against the City Allentown, Pa., as the employer of certain detectives;[2]

and the Court having considered the parties' submissions;[3]

---

process. Id. at ¶¶ 13-15. The plaintiff seeks monetary and declaratory relief. Id. ¶¶15-16. On February 25, 2009, defendant Frey filed his Answer, and on May 13, 2009, the FBI defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). See Docket Entry No. 91, and Docket Entry No. 119, Ex. A. On June 10, 2009, the Court issued an Amended Scheduling Order that amended the pretrial deadlines, including the deadline to complete discovery, but did not amend the deadline for adding parties or amending pleadings. See Order Dated June 10, 2009; Docket Entry No. 132. The plaintiff moved to amend his Complaint on June 11, 2009. Docket Entry No. 131.

The plaintiff did not submit a proposed Complaint with his motion to amend. Rather, he described his proposed amendments to add the City of Allentown, Pa., and "possibly" the United States as defendants and to add tort claims under the FTCA against the "Federal" defendants and "possibly" the United States, as well as "New Jersey State Tort Claim[s]" against the City of Allentown, Pa., as the employer of the "Vice Detective" defendants. See Docket Entry No. 131.

[2] Plaintiff's submission also purports to be an answer to defendants' motion to dismiss, see Docket Entry No. 119, Ex. A, and a request that the Court appoint plaintiff pro bono counsel. See Docket Entry No. 131. To the extent that it is a response to the motion to dismiss, that motion is before Judge Hochberg. Similarly, to the extent it seeks the appointment of pro bono counsel, his April, 2009 motion for counsel is currently before Judge Hochberg and will not be considered as part of the present motion.

[3] Plaintiff argues that this Court should grant his motion for leave to file a Second Amended Complaint because he is appearing pro se, and, as such, he asserts that the Court should avoid dismissing his claims on technical grounds and allow him ample opportunities to amend his complaint.

In opposition, the FBI defendants argue that the proposed amendments that make claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., against the FBI agents would be futile. They assert that the FTCA immunizes federal agents and agencies from tort claims, thus the tort claims against the FBI agents are not cognizable. Furthermore, they assert that plaintiff cannot pursue a tort claim against the United States because the FTCA requires a claimant to pursue certain administrative remedies before bringing a tort suit against

2

and the Court having decided this motion without oral argument pursuant to Fed. R. Civ. P. 78 and Local Civ. R. 78.1;

and for the reasons set forth herein, the motion being untimely under Fed. R. Civ. P. 16, procedurally flawed under L. Civ. R. 7.1, and futile under Fed. R. Civ. P. 12 and 15;

and the motion to for leave to file an Amended Complaint having been submitted on June 11, 2009, eleven months after the July 11, 2008 deadline to file motions to amend pleadings or join parties, see Docket Entry No. 131; Order dated April 21, 2008;

and Fed. R. Civ. P 16 mandating that Scheduling Orders be issued to allow "judicial control over [the] case" and to "streamlin[e] [the case], making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement," Newton v. A.C.&S., Inc., 918 F.2d. 1121, 1136 (3d Cir. 1990);

and to entertain plaintiff's motion would require a modification of the Amended Scheduling Order;

and good cause being required to modify a Scheduling Order, Fed. R. Civ. P. 16;

and the requesting party must show that the deadline "cannot reasonably be met despite the diligence of the party seeking the extension," Fed. R. Civ. P. 16, Advisory Committee's Note, on Subdivision (b);

and the Court concluding that the plaintiff has not presented any facts to show good cause

---

the United States.  Defendants claim that the plaintiff did not pursue these administrative remedies, and thus the FTCA bars plaintiff from bringing any tort claims against the United States.

to amend the Scheduling Order and thus the motion is untimely;[4]

and the Local Civil Rules of the United States District Court for the District of New Jersey providing that "[u]pon filing of a motion for leave to file an amended complaint . . . the moving party shall attach to the motion a copy of the proposed pleading," L. Civ. R. 7.1(f);

and the plaintiff having failed to comply with L. Civ. R. 7.1(f);[5]

and the plaintiff having failed to show that he is entitled to amend his pleading under Fed. R. Civ. P. 15[6] because his proposed claims against the federal defendants, the City of Allentown,

---

[4] In its original Scheduling Order, the Court set July 11, 2008 as the deadline to add parties or amend pleadings.  See Docket Entry No. 32.  The Amended Scheduling Order dated June 10, 2009 did not alter this deadline.  See Docket Entry No. 132.

Plaintiff has made no showing that he could not have sought the amendments by the deadline.  The Court, recognizing plaintiff's pro se status, has given plaintiff ample opportunity to amend his pleadings.  The proposed claims arise out of the facts alleged in his original complaint and the proposed parties have been known since the inception of the case.  Thus, the fourteen months that the Court provided for amendments, between the original Complaint dated May 7, 2007, and the deadline of July 11, 2008, was sufficient to have brought these claims.  Because plaintiff already had ample time to amend, and the plaintiff has not presented any reason to modify the Scheduling Order to extend the deadline, the proposed amendments are untimely under Rule 16.

[5] Local Rule 7.1(f) states that when a party moves to amend a pleading, "the moving party shall attach to the motion a copy of the proposed pleading." L. Civ. R. 7.1(f).  The purpose of this rule is "to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading."  Folkman v. Roster Fin., Civ. No. 05-2099, 2005 WL 2000169, *8 (D.N.J. August 16, 2005).  Here, the plaintiff did not submit a copy of the proposed pleading to the Court.  Instead, the plaintiff submitted a document that merely states his need to amend and outlines the proposed amendments.  Although his failure to provide a copy of the proposed complaint alone supports denying the motion, the Court has sufficient information to determine if the proposed pleading would be futile and, for the reasons set forth herein, finds in addition, that the proposed claims are futile.

[6] Rule 15(a) provides that if a party has already amended its Complaint, it may only amend again with consent of the other parties or leave of Court, which"should be freely given when justice so requires."

and the United States are futile;

and the law providing that an amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face," Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citations and quotations omitted);

and in determining whether an amendment is "insufficient on its face," courts employ the Rule 12(b)(6) motion to dismiss standard, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997) (citations omitted);

and a motion to dismiss being granted under Rule 12(b)(6) if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also id. at 562-3 ("retiring" the rule first articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); Rodriguez v. Fajardo, Civ.No. 06-4996, 2007 WL 1959254, *4 (D.N.J. July 3, 2007); Charles v. Lawyers Title Ins. Corp., Civ. No.

---

Fed. R. Civ. P. 15(a).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).

The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006)(stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).

06-2361, 2007 WL 1959253, *2 (D.N.J. July 3, 2007);

and while detailed factual allegations being unnecessary to survive a Rule 12(b)(6) motion, a pleader's "obligation to provide the grounds of his entitlement to relief requires more than labels[,] conclusions, and a formulaic recitation of the elements of a cause of action" and requires that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555; see Showalter v. Brubaker, Civ. No. 07-2950, 2008 WL 2397528, at *1 (3d Cir. June 13, 2008)(unpublished); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(stating that the Twombly pleading standard requires that "factual allegations must be enough to raise a right to relief above the speculative level and, to state a claim, the complaint [must embody] . . . enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement but instead calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.");

and when examining the sufficiency of a litigant's pleading under Rule 12(b)(6), courts consider the proposed pleading and view the allegations set forth therein as true and in the light most favorable to the party asserting them, see Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (citations omitted);

and the Court having liberally construed plaintiff's pro se motion, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and having evaluated the proposed amendments under the above

6

standard, the proposed amendments are futile;[7]

and for the reasons set forth herein;

and for good cause shown,

IT IS on this 7th day of July, 2009

ORDERED that plaintiffs' motion for leave to file an Amended Complaint [Docket Entry

---

[7] The proposed amendments seek to add claims under the FTCA against the FBI defendants. Accepting the allegations as true, the FBI defendants' actions were taken in the course of their duties, and plaintiff seeks to add tort claims against them. Under the Westfall Act, however, these defendants are immune from tort suits. 28 U.S.C. § 2679(b)(1); see also Melo v. Hafer, 13 F.3d 736, 743 (3d Cir. 1993)(stating "the purpose of the Westfall Act is to assure that the decisions and conduct of federal public servants in the course of their work will not be adversely affected by fear of personal liability"). Thus, the proposed FTCA claims against the federal defendants do not provide plaintiff with a basis for relief and hence are futile.

Plaintiff's proposed claim against the United States is also futile. The FTCA requires a plaintiff to pursue administrative remedies before he can name the United States as a defendant in a tort suit. 28 U.S.C. § 2675(a); Lightfoot v. United States, 564 F.3d 625, 626-7 (3d Cir. 2009) (stating that "[t]he FCTA precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has finally been denied"); see also Bialowas v. U.S., 443 F.2d 1047, 1049 (3d Cir. 1971). Indeed, these administrative remedies must be pursued before the Court has subject matter jurisdiction over the case against the United States. See Adegbuji v. U.S., Civ. No. 05-4141, 2007 WL 1377638, *1 (3d Cir. May 11, 2007) (affirming that the District Court "lacked [subject-matter] jurisdiction . . . because [the plaintiff] failed to exhaust his administrative remedies")(not for publication). Because the plaintiff did not pursue his administrative remedies, Docket Entry No. 133, Ex. B, ¶ 1, he cannot bring an FTCA claim against the United States and the Court lacks the authority to entertain it. Thus, the plaintiff's request to add the United States as a defendant to pursue a tort claim is futile.

Plaintiff also seeks to add the City of Allentown, Pa., as the employer of certain defendants, and assert "any applicable New Jersey State Tort Claim" against it. To the extent plaintiff seeks to pursue a claim under the New Jersey Tort Claim Act, that act does not apply to a Pennsylvania municipality, see N.J.S.A. 59:1-3 (defining "public entity" and "State" in terms of "the State of New Jersey"), and thus is futile. To the extent that plaintiff is seeking to assert common law tort claims, he does not identify the tort or explain how the City of Allentown is vicariously liable for the acts of its employees. As such, the proposed claim does not satisfy Twombly and hence do not provide a basis for relief against the City of Allentown and thus the claim is futile.

No. 131] is denied;

      IT IS FURTHER ORDERED that the request for the appointment of <u>pro</u> <u>bono</u> counsel shall not be considered because an identical request is before Judge Hochberg; and

      IT IS FURTHER ORDERED that to the extent the contents of the motion are being offered as opposition to the pending motion to dismiss the plaintiff shall advise Judge Hochberg of the portions of the submission he seeks to offer as opposition to the motion to dismiss.

                                        s/Patty Shwartz
                                        United States Magistrate Judge