**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMY JOSEPH DAVIS, | : |
| | : Honorable Faith S. Hochberg |
| Plaintiff, | : |
| | : Civil Action No. 07-2135 |
| v. | : |
| | : |
| STEPHEN EGBERT, *et al.*, | : **OPINION & ORDER** |
| | : |
| Defendants. | : Dated: January 6, 2010 |
| | : |

**HOCHBERG, District Judge:**

This matter arises out of Plaintiff's arrest by the U.S. Marshals Service New York/New Jersey Fugitive Task Force on June 1, 2005. Plaintiff alleges that during his arrest, Special Agents Stephen E. Egbert, William Edge, Jr., and Mark Allan Corrice (the "FBI Defendants"), among others, violated his constitutional rights.

Now before the Court is the FBI Defendants' motion to dismiss Plaintiff's First Amended Complaint as against them. The FBI Defendants argue that Plaintiff's claims fail as a matter of law in two respects: First, to the extent Plaintiff has brought claims against the United States, the FBI Defendants argue that those claims are barred by the doctrine of sovereign immunity. Second, to the extent Plaintiff has sued the FBI Defendants individually, the FBI Defendants argue that those claims are barred by the governing statute of limitations. The Court will address each argument in turn.

1

1. <u>Sovereign Immunity</u>

The First Amended Complaint states that each FBI Defendant "is sued individually and in his/her official capacity."  First Amended Complaint ¶ 10.  However, in his Opposition brief, Plaintiff clarifies that the FBI Defendants "are being sued in their individual capacities" *only*, for exercising their authority in an unconstitutional manner, and that Plaintiff is not seeking to enjoin the United States or to recover money from the public treasury, as in an official capacity suit. Opp. 8-9.  The Court deems this a withdrawal of any official capacity claims against the FBI Defendants, and dismisses the official capacity claims as against them.

2. <u>Statute of Limitations</u>

The constitutional violations alleged in the First Amended Complaint are subject to New Jersey's two-year personal injury statute of limitations.  *Cito v. Bridgewater Tp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).  The events giving rise to Plaintiff's claims occurred on June 1, 2005, the date of his arrest.  Therefore, the statute of limitations was originally set to expire on June 1, 2007.

On May 7, 2007, within the limitations period, Plaintiff, appearing *pro se*, submitted his Complaint seeking to file *in forma pauperis* ("IFP").  The Complaint named as Defendants two unknown agents of the FBI, one unknown agent of the U.S. Marshals Service, two unknown officers of the Allentown Police Department, and Christie Beers.

On May 16, 2007, the Court issued an order qualifying Plaintiff's claims to proceed IFP, and ordering service of process by the U.S. Marshals Service.  During the pendency of Plaintiff's IFP application, the statute of limitations was tolled.  *See Scary v. Philadelphia Gas Works*, 202 F.R.D. 148, 151 (E.D. Pa. 2001) (holding that the filing of a complaint with an application to

proceed IFP tolls the statute of limitations).  Thus, the statute of limitations was extended until June 10, 2007.

Accompanying Plaintiff's Complaint was a motion for appointment of counsel.  In his motion, Plaintiff explained that his case was complex because "the identities of the Defendants are Unknown," and his incarceration left him with "no ability to investigate the facts of the case, for example, . . . interviewing the other people that were at the seen [sic] who were eyewitnesses to the beating."  This motion was denied.

On June 2, 2007, also within the limitations period, Plaintiff submitted a letter to the Court requesting document discovery from the Defendants.  The letter requested several categories of documents including "[a]ll written statements . . . identifiable as reports about the incident on June 1, 2005, made by the Defendants."  On June 8, 2007, Magistrate Judge Shwartz issued an Order stating that Plaintiff's discovery requests were premature, and could be served only after a Scheduling Order was entered.

On August 24, 2007, Plaintiff wrote to the Court stating that he had not received Answers from the Defendants.  He stated, "I am not an attorney but I do know there are time limits on everything.  Can you please help me.  I need that information."  On September 11, 2007, Plaintiff moved to compel discovery from the Defendants, requesting, among other items, "a photo identification of all the Defendants and other parties present at 92-94 West Allen Street, Irvington, N.J., on 6-01-05, copies or originals, for identification."  On September 17, 2007, Magistrate Judge Shwartz denied Plaintiff's motion to compel discovery because a Scheduling Order had not yet been entered, and would not be entered until a Defendant responded to the

Complaint.

On October 2, 2007, Plaintiff filed another motion for appointment of counsel.  Plaintiff highlighted that his "case has been so complex so far that he has not been able to get the Defendants to respond and get discovery documents."  This motion was denied on November 5, 2007.

On December 5, 2007, Plaintiff applied for an Order directing that service of process on the unknown Defendants be effected by the U.S. Marshals Service at the Defendants' respective agencies.  The motion noted that "Plaintiff has filed a complaint without the names of most of the Defendants and does not have the ability other than Discovery to obtain there [sic] identities."  Two days later, Magistrate Judge Shwartz denied the motion, but noted that "if discovery enables the plaintiff to obtain the names of the defendants, then he will be in a position to seek leave to file an Amended Complaint to substitute the names for the defendants whose names he currently does not know and then request an issuance of summons and service of the summons and Amended Complaint upon the identified defendants."

On December 28, 2007, the U.S. Marshals Service served Defendant Christie Beers.  She Answered the Complaint on January 15, 2008.  On March 10, 2008, Plaintiff filed a new set of document requests, which included a request for documents relating to the "names, rank, positions, and agencies of the Defendants."  On March 28, 2008, Defendant Beers responded to Plaintiff's discovery requests, and identified the unknown agents as "Special Agent Stephen E. Egbert, Federal Bureau of Investigation; Special Agent William J. Edge Jr., Federal Bureau of Investigation; Special Agent Mark Alan Corrice, Federal Bureau of Investigation; Detective

4

Patrick Corcoran, United States Marshalls [sic] Service NY/NJ Regional Fugitive Task Force."

On April 21, 2007, Magistrate Judge Shwartz entered a Scheduling Order directing that "[a]ny and all motions to add parties and/or to amend pleadings shall be filed not later than July 11, 2008." On April 23, 2008, Plaintiff moved to amend the Complaint to substitute the names of the identified federal agents; Magistrate Judge Shwartz granted Plaintiff leave to do so on June 3, 2008. On June 23, 2008, Magistrate Judge Shwartz extended the time for Plaintiff to file an Amended Complaint to July 15, 2008. On July 1, 2008, Plaintiff filed the First Amended Complaint substituting the names of the FBI Defendants for the "unknown Agents of the Federal Bureau of Investigation."

The FBI Defendants now move to dismiss the First Amended Complaint as against them, arguing that the statute of limitations had long expired when the First Amended Complaint, naming them as Defendants, was filed. Plaintiff responds by arguing that his substitution of the FBI Defendants "relates back" to the date of the original Complaint pursuant to New Jersey's fictitious party rule, and is therefore not barred by the statute of limitations. *See* Fed. R. Civ. P. 15(c)(1)(A) ("[a]n amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back").

Under New Jersey law, if a defendant is properly identified by a fictitious name, as authorized by N.J. Ct. R. 4:26-4,[1] before expiration of the applicable limitations period, an amended complaint substituting a fictitiously named defendant's true name will relate back to the

---

[1] New Jersey Court Rule 4:26-4 provides: "In any action . . . if defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description for identification."

date of the filing of the original complaint. *Claypotch v. Heller, Inc.*, 360 N.J. Super. 472, 480 (App. Div. 2003). To benefit from this "fictitious party rule," "a plaintiff must proceed with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify that defendant." *Id.* "[T]he meaning of due diligence will vary with the facts of each case," but generally a plaintiff must "investigate all potentially responsible parties in a timely manner to cross the threshold for due diligence." *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 354 (3d Cir. 2004) (citing *Matynska v. Fried*, 811 A.2d 456, 457 (N.J. 2002)).

The fictitious party rule "emanate[s] from our attempt to balance the defendant's interest in repose with the plaintiff's interest in a just determination of his or her claim. The need to submit claims promptly to judicial management must be tempered by the policy favoring resolution of claims on their merits." *Viviano v. CBS, Inc.*, 101 N.J. 538, 547 (1986). Accordingly, "a motion to dismiss on statute-of-limitations grounds in the context of fictitious party practice is governed by the 'interests of justice.'" *Baker v. J.J. De Luca Co.*, 2008 WL 4648235, at *10 (N.J. App. Div. Oct. 10, 2008) (citing *Fede v. Clara Maass Hosp.*, 221 N.J. Super. 329, 339 (Law Div. 1987), and *Viviano*, 101 N.J. at 546).

Here, Plaintiff properly invoked the fictitious party rule in his initial Complaint within the limitations period, and exercised due diligence in attempting to identify the FBI Defendants thereafter. Plaintiff first raised the issue in his motion for appointment of pro bono counsel filed on May 7, 2007, well within the statute of limitations. Four weeks later, still within the limitations period, Plaintiff submitted discovery requests seeking reports relating to his arrest, which presumably would have identified the agents involved. Thereafter, Plaintiff repeatedly

6

attempted to identify the FBI Defendants through renewed discovery requests, the only tool reasonably available to him.  *See Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 190 (3d Cir. 2001) ("a person who was subjected to excessive force by police officers . . . would likely need discovery to determine the names of his attackers").  Throughout this period, Plaintiff's applications to the Court reflected an awareness of time limitations and the need to identify the unknown Defendants.

Plaintiff did not receive discovery naming the FBI Defendants until March 2008, a delay which was not due to any dilatoriness on the part of Plaintiff.  Rather, the U.S. Marshals Service was responsible for the timing of service of process upon Defendant Beers, and Plaintiff could not proceed with discovery until after her Answer was filed.  Shortly after receiving Beers' Answer, Plaintiff submitted discovery requests seeking the names of the unknown Defendants. Within a month of receiving that discovery, Plaintiff moved to amend the Complaint, and did so within the time prescribed by the Court.

While Plaintiff certainly could have done more before the expiration of the statute of limitations, the fictitious party rule does not require exhaustion of every possible avenue of discovery.  *DeRienzo*, 357 F.3d at 356.  In light of his *pro se* status and incarceration, and given the fact that the FBI Defendants' identities were not readily apparent in available records, distinguishing this matter from the cases cited by Defendants, the Court finds that Plaintiff's actions satisfy the due diligence requirement.  Furthermore, the Court discerns no apparent prejudice to the FBI Defendants.  *See Claypotch*, 360 N.J. Super. at 480 (court should consider whether defendants have been prejudiced by late substitution).  In their brief, the FBI Defendants

7

generally assert they "would in fact be prejudiced" but do not specify how or point to any underlying facts in the record supporting their assertion.  *See DeRienzo*, 357 F.3d at 356 (examples of prejudices include "destruction or alteration of evidence . . . , frustration of attempts at subsequent examination, or memory lapse due to delay").

Plaintiff's amendment of his Complaint therefore "relates back" to the original filing date, and thus is not barred by the statute of limitations.  This result comports with New Jersey's concern with applying rules of procedure "to better serve the cause of justice," *Markmann v. DeStefano*, 185 N.J. Super. 411, 420 (App. Div. 1982), and preference for "affording . . . plaintiffs their day in court on the merits of their claim[s]."  *Claypotch*, 360 N.J. Super. at 482.

Accordingly, for the foregoing reasons,

**IT IS** on this 6th day of January 2010,

**ORDERED** that the FBI Defendants' motion to dismiss [Docket #119] is **GRANTED** in part; the official capacity claims against the FBI Defendants are dismissed, but the motion on statute of limitations grounds is denied.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

8